**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN LOWRY, an Ohio resident, individually and as the representative of a class of similarly-situated persons, <br><br>             Plaintiff,<br>   v.<br><br>SHIPLEY ENERGY COMPANY, a Pennsylvania corporation, and SHIPLEY CHOICE, LLC d/b/a SHIPLEY ENERGY, and SHIPLEY FUELS MARKETING, LLC, Pennsylvania limited liability companies,<br><br>             Defendants. | Civil Action No.:<br><br>**CLASS ACTION** |

## CLASS ACTION COMPLAINT

Plaintiff, JOHN LOWRY ("Plaintiff"), bring this action on behalf of himself and all others similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, allege the following upon information and belief against Defendants, SHIPLEY ENERGY COMPANY, SHIPLEY CHOISE, LLC d/b/a SHIPLEY ENERGY and SHIPLEY FUELS MARKETING, LLC (collectively "Shipley Energy" or "Defendants"):

### I. NATURE OF THE ACTION

1. Shipley Energy is a group of affiliated companies headquartered in York, Pennsylvania that provides energy to residential and commercial customers in the Mid-Atlantic region of the United States in the form of heating oil, propane and natural gas.

2. In the effort to market its products and services, Shipley Energy made, or directed to be make on its behalf, calls to the wireless telephones of Plaintiff and each of the members of

the Class without prior express written consent[1] in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

3. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired, or permitted Shipley Energy to make the calls alleged herein to their wireless telephones.

4. By making such unauthorized calls, Shipley Energy caused Plaintiff and each of the Class members harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their wireless carriers for the receipt of such calls.

5. In order to redress these injuries, Plaintiff seeks an injunction requiring Shipley Energy to cease all unsolicited calling activities, an award of statutory damages to the Class members under the TCPA.

## II.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. This court has personal jurisdiction over Shipley Energy because Shipley Energy's principal place of business is in York, Pennsylvania and its officers, directors, members and managers are located in York, Pennsylvania.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this District and because Shipley Energy's principal place of business is within this District.

---

[1] As of October 16, 2013, prior express **written** consent is required. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order (FCC Feb. 15, 2012) (amending 47 C.F.R. 64.1200(a)(2)).

### III.   PARTIES

9. Plaintiff, JOHN LOWRY, is an individual who resides in Cincinnati, Ohio.

10. Plaintiff is the owner of his wireless telephone, which is assigned to a wireless telephone service provided by Verizon.

11. Defendant, SHIPLEY ENERGY COMPANY, is a Pennsylvania corporation with its principal place of business at 500 E. King Street, York, PA.

12. Defendants, SHIPLEY CHOICE, LLC and SHIPLEY FUELS MARKETING, LLC, are Pennsylvania limited liability companies. SHIPLEY ENERGY is the registered fictitious name of Shipley Choice, LLC. Shipley Choice, LLC's principal place of business is at 415 Norway Street, York, PA. Shipley Fuels Marketing, LLC's principal place of business is at 100 Kindig Lane, Hanover, PA.

13. Each of the above entities are privately held and controlled by William Shipley III.

### IV.   FACTS

14. Companies have employed advanced technologies that make it easier to market their products and services. According to a report examining class actions under the TCPA in the Northern District of Illinois:

> ***Autodialers (also known as robocalls) automatically deliver a prerecorded message to a list of telephone numbers, and thus remove the need for human representatives.*** These predictive dialers were developed to find better pacing (scheduling for dialing attempts) by collecting and analyzing data on the proportion of call attempts that are answered, durations of time from call initiation to answer, and durations of service. The technology was designed to minimize both the time that telemarketers must spend waiting between conversations and amount of abandoned calls experienced by consumers.[2]

---

[2] Institute for Consumer Antitrust Studies, Loyola University Chicago School of Law, The Telephone Consumer Protection Act of 1991; Adapting Consumer Protection to Changing Technology 7 (Fall 2013)

*Defendants' Call to Plaintiff*

15. On June 29, 2016, Plaintiff received an autodialed call delivering a prerecorded advertisement to his wireless telephone from Shipley Energy.

16. During this call, Shipley Energy delivered a prerecorded or artificial message lasting approximately 32 seconds to Plaintiff's wireless telephone that stated:

> "Hey friend this is Heather calling. I'm calling with a big announcement. Shipley Energy is now a trusted supplier of electricity and the Duke energy market. And we have a great offer that you shouldn't pass on. We are now offering a low fixed electricity rate that beats the utilities rates and protects you for 12 months. If you want to save money, ask us about the 2 minute switch. Who are we, you ask? Find out more at shipleyenergy.com or call 888-459-3799. We make energy easy."

17. Shipley Energy made the calls in order to promote and offer the sale of electricity to be supplied by Shipley Energy.

18. Shipley Energy made, or had made on its behalf, the same or substantially the same calls *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

19. Upon information and belief, Shipley Energy made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

20. Shipley Energy made these calls for the purpose of promoting its goods and services.

21. Shipley Energy made these calls without Plaintiff's prior express written consent, which is defined at 47 C.F.R. 64.1200(f)(8).

---

(emphasis added). The report "was made possible through a *cy pres* distribution from a class action involving the TCPA in the Northern District of Illinois under the supervision of Senior Judge William Hart and Magistrate Judge Morton Denlow." *Id.* at 2.

4

## V.     CLASS ALLEGATION

22.     Plaintiff brings this action, as set forth below, on behalf of himself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All persons in the United States whose wireless telephone number Shipley Energy, or someone acting on its behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express written consent of the called party.

Excluded from the Class are the Defendants, their parents, affiliates and subsidiaries, all persons who make a timely election to be excluded from the Class, governmental entities, and the Judge to whom this case is assigned and any immediate family members thereof. Plaintiff seeks to certify a class which includes the June 29, 2016 prerecorded voice call and all other prerecorded voice calls made by or on behalf of Defendants to promote and offer the sale of its good or services during the four years prior to the filing of this action through the present, whether made to Plaintiff's wireless telephone number or not.

Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

23.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to provide those elements in individual actions alleging the same claims.

24.     <u>Numerosity (F. R. Civ. P. 23(a)(1))</u>: The members of the Class are so numerous that individual joinder of all Class members is impracticable.  Upon information and belief, there are thousands of consumers who have been damaged by Shipley Energy's wrongful conduct as alleged herein.  The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Shipley Energy's books and records.  Class members

may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

25. <u>Commonality and Predominance (F. R. Civ. P. 23 (a)(2) and 23(b)(3))</u>: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a) The manner in which Shipley Energy compiled and called the list of wireless telephone numbers including Plaintiff's number;

    b) Whether Shipley Energy, or someone on its behalf, was soliciting the sale of goods or services;

    c) Whether the equipment that Shipley Energy, or someone on its behalf, used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    d) Whether the equipment that Shipley Energy, or someone on its behalf, used to make the calls in question involved the use of a prerecorded or artificial voice as contemplated by the TCPA;

    e) Whether Shipley Energy's conduct constitutes a violation of the TCPA;

    f) Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    g) Whether Plaintiff and the Class are entitled to treble damages under the TCPA based on the willfulness of Shipley Energy's conduct; and;

    h) Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

26. <u>Typicality (F. R. Civ. P. 23 (a) (3))</u>: Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

27. <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4))</u>: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel

28. <u>Declaratory and Injunctive Relief – F. R. Civ. P. 23(b)(2)</u>: Shipley Energy has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

29. <u>Superiority – F. R. Civ. P. 23(b)(3)</u>: A class action is superior to any and all other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Shipley Energy, so it would be impracticable for Class members to individually seek redress for Shipley Energy's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and

provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### VI.     CLAIM FOR RELIEF FOR VIOLATION OF THE TCPA, 47 U.S.C. § 227

30.    Shipley Energy and/or its agents made phone calls to the wireless telephone numbers or Plaintiff and the other Class members *en masse* without their prior express written consent.

31.    Shipley Energy made the calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

32.    Shipley Energy, or someone on its behalf, utilized equipment that made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention.

33.    Shipley Energy made the calls, or had them made on its behalf, using an artificial and/or prerecorded voice.

34.    By making the calls to Plaintiff and the Class, Shipley Energy violated 47 U.S.C. § 227(b)(1)(a)(iii).  As a result of Shipley Energy's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in statutory damages for each such violation of the TCPA.

35.    Should the Court determine that Shipley Energy's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, John Lowry, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A. Certifying the TCPA Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding of statutory damages, jointly and severally;

C. Requiring Shipley Energy, its agents, and its affiliates to cease all wireless phone call activities initiated without prior express written consent, and otherwise protecting the interests of the Class; and

D. Awarding of reasonable attorneys' fees and costs; and

E. Awarding such other and further relief that the Court deems reasonable and just.

Respectfully submitted,

JOHN LOWRY, individually and as the representative of a class of similarly-situated persons,

By: s/ Ann M. Caldwell
Ann M. Caldwell
**CALDWELL LAW OFFICE LLC**
108 W. Willow Grove Avenue, Suite 300
Philadelphia, PA  19118
Telephone:  215-248-2030 / Fax: 215-248-2031

Matthew E. Stubbs *(pro hac vice to be submitted)*
**MONTGOMERY, RENNIE & JONSON**
36 East Seventh Street, Suite 2100
Cincinnati, OH  45202
Telephone:  513-241-4722 / Fax: 513-241-8775

Ryan M. Kelly (*pro hac vice to be submitted*)
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500 / Fax: 847-368-1501