IN THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Lowry, | : | Jury Trial Demanded |
|     Plaintiff | : | |
|     v. | : | 1:18-cv-770 |
| Shipley Energy Company, | : | |
| Shipley Choice, LLC d/b/a | : | |
| Shipley Energy, and | : | Civil Action |
| Shipley Fuels Marketing, LLC, | : | |
|     Defendants/Third Party Plaintiffs | : | Class Action |
|     v. | : | |
| Tesla Energy and David Hjorth | : | |
|     Third Party Defendants | : | |

## Third Party Complaint

Defendants/Third Party Plaintiffs Shipley Energy Company, Shipley Choice, LLC d/b/a Shipley Energy, and Shipley Fuels Marketing, LLC bring third party claims against Third Party Defendants Tesla Energy and David Hjorth as follows:

1. Plaintiff John Lowry filed a class action suit on or about April 9, 2018, against Third-Party Plaintiffs/Defendants Shipley Energy Company, Shipley Choice, LLC d/b/a Shipley Energy, and Shipley Fuels Marketing, LLC (hereinafter "Defendants").

2. Defendants bring this Third Party Complaint against Third Party Defendants David Hjorth and Tesla Energy.

3. David Hjorth is an adult individual that provides telemarketing services with a principal place of business at 7425 Hightower Drive, North Richland Hills, Texas, 76182.

4. Tesla Energy is the name that David Hjorth uses for his business that provides telemarketing services with a principal place of business at 7425 Hightower Drive, North Richland Hills, Texas, 76182.

5. David Hjorth is President of Tesla Energy.

6. Upon information and belief, Tesla Energy is not a registered corporation, limited liability company, limited partnership, partnership, or other corporate entity.

7. Upon information and belief, Tesla Energy is simply an unregistered fictitious name that David Hjorth used for his own, personal telemarketing services, i.e., an unregistered, sole proprietorship.

8. Under FRCP 14(a)(1), Tesla Energy and David Hjorth are "nonparty[ies] who [are] or may be liable to [Defendants] for all or part of the claim against" Defendants.

## Facts Alleged by Plaintiff

9. Plaintiff alleges that he resides in Cincinnati, Ohio.

10. Plaintiff alleges that, on June 29, 2016, he received an autodialed call delivering a prerecorded advertisement to his wireless telephone from Shipley Energy.

11. Plaintiff alleges that, during this alleged call, Shipley Energy delivered a prerecorded or artificial message lasting approximately 32 seconds to Plaintiff's wireless telephone that stated:

> "Hey friend this is Heather calling. I'm calling with a big announcement. Shipley Energy is now a trusted supplier of electricity and the Duke energy market. And we have a great offer that you shouldn't pass on. We are now offering a low fixed electricity rate that beats the utilities rates and protects you for 12 months. If you want to save money, ask us about the 2 minute switch. Who are we, you ask? Find out more at shipleyenergy.com or call 888-459-3799. We make energy easy."

12. Plaintiff alleges that Defendants made, or had made on their behalf, "the same or substantially the same calls en masse to a list of thousands of wireless telephone numbers or randomly generated phone numbers." Complaint ¶18.

13. Plaintiffs allege that calls used an artificial and/or prerecorded voice.

14. Plaintiff alleges that Defendants used equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

15. Plaintiff alleges that the equipment "made the calls to Plaintiff's and other Class members' wireless telephones simultaneously and without human intervention." Complaint ¶32.

16. Plaintiff alleges that Defendant lacked prior express written consent as defined at 47 C.F.R. 64.1200(f)(8) from Plaintiff or the Class members.

### Facts Relating to Third Party Allegations

17. On June 1, 2016, Shipley Choice LLC entered into a contract with David Hjorth and Tesla Energy for telemarketing services "in connection with one or more campaigns." Agreement p. 1, attached hereto as exhibit 1.

18. Shortly after the Agreement, David Hjorth and Tesla Energy offered an additional ringless voicemail service for an additional fee.

19. By oral agreement between Defendants and David Hjorth and Tesla Energy, the parties expanded the telemarketing Agreement

to include a ringless voicemail campaign for a flat fee of $2,000. *See* e-mail invoice attached as exhibit 2.

20. Under the written agreement, David Hjorth and Tesla Energy were "responsible for the management of all telemarketing personnel." Agreement 2(A).

21. Under the oral expansion of the contractual relationship, David Hjorth and Tesla Energy were specifically responsible for the execution and management of the ringless voicemail campaign.

22. Under the written agreement, David Hjorth and Tesla Energy were required to "ensure that all Campaigns and all telemarketing activities… adhere to all applicable federal, state and local statutes, laws or ordinances pertaining to all telephone marketing activities (i.e.: "Do Not Call" lists, etc.)." Agreement 2(C).

23. Moreover, under the written agreement, David Hjorth and Tesla Energy were required to "ensure that all telephone service representatives ('TSRs') receive a reasonable level of training and instruction…" Agreement 2(B).

24. David Hjorth and Tesla Energy in writing agreed to "indemnify and hold harmless Company and its affiliates… from any

and all claims, demands, liabilities, court costs, damages and expenses (including reasonable attorneys' fees) resulting from (i) the breach by Provider of any warranty, representation, covenant or agreement made by it herein; (ii) any third party claims or actions, including government enforcement actions, relating to the Provider's services provided as part of a Campaign or Campaigns; and (iii) any fines, assessments, levies, costs, fees or expenses incurred as a result of the failure of Provider to comply with any applicable laws, rules or regulations in connection with the performance of its obligations hereunder." Agreement 7(B).

25. Under the written agreement, "in the event a suit is initiated with reference to this Agreement by any Party, the prevailing Party shall be entitled to an award of reasonable attorneys' fees and disbursements incurred by such Party in connection therewith, including but not limited to fees and disbursements in administrative, regulatory, and appellate proceedings." Agreement p. 3.

26. On or about April 18, 2018, Defendants tendered their defense in this matter to David Hjorth and Tesla Energy. *See* Letter, attached as exhibit 3.

27. David Hjorth and Tesla Energy have not agreed to defend and indemnify Defendants as required by the Agreement.

28. In fact, David Hjorth and Tesla Energy have refused to defend and indemnify Defendants as required by the Agreement.

29. Defendants have been forced to pay legal counsel to defend this action and have incurred costs and attorney fees.

30. Defendants will continue to incur costs and attorney fees for the duration of this litigation.

## Plaintiff's Claim under TCPA, 47 U.S.C. §227

31. Plaintiff alleges that calls violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(a)(iii).

32. Plaintiff alleges that "the Class members suffered actual damages in the form of monies paid to receive the calls on their wireless phones and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in statutory damages for each such violation of the TCPA." Complaint ¶34.

33. Plaintiff additionally alleges that, "[s]hould the Court determine that Shipley Energy's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of

statutory damages recoverable by Plaintiff and the other Class members." Complaint ¶35.

34. Plaintiff also seeks attorney fees and costs and "such other and further relief that the Court deems reasonable and just." Complaint p. 9.

## Plaintiff's Class Allegations

35. Plaintiff makes additional Class Allegations on behalf of himself and as a class action. Complaint ¶22.

36. Plaintiff defines the class as:

> All persons in the United States whose wireless telephone number Shipley Energy, or someone acting on its behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express written consent of the called party.
>
> Excluded from the Class are the Defendants, their parents, affiliates and subsidiaries, all persons who make a timely election to be excluded from the Class, governmental entities, and the Judge to whom this case is assigned and any immediate family members thereof. Plaintiff seeks to certify a class which includes the June 29, 2016 prerecorded voice call and all other prerecorded voice calls made by or on behalf of Defendants to promote and offer the sale of its good or services during the four years prior to the filing of this action through the present, whether

> made to Plaintiff's wireless telephone number or not.
>
> Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

Complaint ¶22.

37. Plaintiff alleges that "[c]ertification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to provide those elements in individual actions alleging the same claims." Complaint ¶23.

38. Plaintiff additionally alleges that the class is numerous:

> The members of the Class are so numerous that individual joinder of all Class members is impracticable. Upon information and belief, there are thousands of consumers who have been damaged by Shipley Energy's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Shipley Energy's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

Complaint ¶24.

39. Plaintiff claims that the following "common questions of law and fact" would predominate over any questions affecting individual Class members:

   a. The manner in which Shipley Energy compiled and called the list of wireless telephone numbers including Plaintiff's number;

   b. Whether Shipley Energy, or someone on its behalf, was soliciting the sale of goods or services;

   c. Whether the equipment that Shipley Energy, or someone on its behalf, used to make the calls in question was an automatic telephone dialing system as contemplated by the TCPA;

   d. Whether the equipment that Shipley Energy, or someone on its behalf, used to make the calls in question involved the use of a prerecorded or artificial voice as contemplated by the TCPA;

   e. Whether Shipley Energy's conduct constitutes a violation of the TCPA;

   f. Whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

   g. Whether Plaintiff and the Class are entitled to treble damages under the TCPA based on the willfulness of Shipley Energy's conduct; and;

   h. Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

Complaint ¶25.

40. Plaintiff further alleges that his "claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above." Complaint ¶26.

41. Plaintiff alleges that he "is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel." Complaint ¶27.

42. Plaintiffs seek declaratory and injunctive relief for the Class as a whole, alleging that Defendants "acted or refused to act on grounds generally applicable to Plaintiff and the other Class members…" Complaint ¶28.

43. Plaintiffs additionally allege that a Class Action is superior to other available means:

> The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually

litigate their claims against Shipley Energy, so it would be impracticable for Class members to individually seek redress for Shipley Energy's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

Complaint ¶29.

## Third Party Count 1: Contribution
## Defendants v. Tesla Energy and David Hjorth

44. All other paragraphs are incorporated herein by reference.

45. If Defendants are liable to Plaintiff and/or a Class of Plaintiffs (which is denied), then Defendants would be joint tortfeasors with David Hjorth and Tesla Energy who ran the telemarketing campaign and ringless voicemail campaign at issue.

46. The same evidence that Plaintiff or a Class of Plaintiffs would use to support liability against Defendants (which is denied) would necessarily support liability of David Hjorth and Tesla Energy who were responsible for the telemarketing campaign and ringless voicemail.

47. The facts to show liability of Defendants (which is denied) would be identical to the facts to show liability of David Hjorth and Tesla Energy who were responsible for the telemarketing campaign and ringless voicemail campaign.

48. If Plaintiff or Class of Plaintiffs suffered their alleged injuries (which is denied), then those injuries would be indivisible between David Hjorth, Tesla Energy, and Defendants.

For these reasons, Defendants request that this Court enter judgment against the Third Party Defendants and in Defendants favor with Defendants' costs and Defendants' attorney fees, and declare that the Third Party Defendants are solely liable to pay any judgment to Plaintiff or any Class of Plaintiffs.

### Third Party Count 2: Indemnification
### Defendants v. David Hjorth and Tesla Energy

49. All other paragraphs are incorporated herein by reference.

50. David Hjorth and Tesla Energy expressly contracted to indemnify Defendants for any telemarketing efforts.

51. By oral agreement, the parties expanded the contract to include a ringless voicemail campaign.

52. Even without the contract, Defendants would be entitled to indemnification as Plaintiff's brings allegations against the telemarketing campaign and/or ringless voicemail campaign that David Hjorth and Tesla Energy oversaw.

For these reasons, Defendants request that this Court enter judgment against the Third Party Defendants and in Defendants favor with Defendants' costs and Defendants' attorney fees, and declare that the Third Party Defendants are solely liable to pay any judgment to Plaintiff or any Class of Plaintiffs.

<u>Third Party Count 3: Breach of Contract</u>
<u>Defendants v. David Hjorth and Tesla Energy</u>

53. All other paragraphs are incorporated herein by reference.

54. David Hjorth and Tesla Energy expressly agreed in writing to comply with all laws in the telemarketing campaign.

55. By oral agreement, the parties expanded the contract to include a ringless voicemail campaign.

56. David Hjorth and Tesla Energy also impliedly warranted that their telemarketing campaign and ringless voicemail campaign would comply with federal law.

57. If the alleged calls violated the TCPA as Plaintiff claims, then David Hjorth and Tesla Energy breached these express and implied contractual obligations.

58. Moreover, David Hjorth and Tesla Energy has breached its contractual obligation to indemnify Defendants by failing to defend them and/or pay their attorney fees and costs in this suit.

59. Defendants have suffered damages through Court costs and attorney fees and will continue to do so throughout this litigation.

60. Defendants will suffer additional damages if forced to pay a judgment to Plaintiff and/or a Class of Plaintiffs.

For these reasons, Defendants request that this Court enter judgment against the Third Party Defendants and in Defendants favor with Defendants' costs and Defendants' attorney fees, and declare that the Third Party Defendants are solely liable to pay any judgment to Plaintiff or any Class of Plaintiffs.

                Respectfully submitted,

                Lavery Law

                <u>s/ Frank J. Lavery</u>
                Pennsylvania Bar No. 42370

                <u>s/ Josh Autry</u>
                Pennsylvania Bar No. 208459
                225 Market Street, Suite 304
                P.O. Box 1245
                Harrisburg, PA 17108-1245
                (717) 233-6633 (phone)
                (717) 233-7003 (fax)
                flavery@lavery.com
                jautry@laverylaw.com
Date: July 17, 2018       Attorney for Defendants

<u>Certificate of Service</u>

I certify that on this date, I served a true and correct copy of this filing through this Court's ECF System to Plaintiff's counsel.

<u>s/ Katy Reilly</u>

July 17, 2018